# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN FREEMAN, | 1:09-CV-01123 GSA HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| TINA HORNBEAK, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, following her conviction by jury trial on May 7, 2007, of possession of marijuana in a penal institution (Cal. Penal Code § 4573.6) and possession of a razor blade in a penal institution (Cal. Penal Code § 4502(a)). On July 18, 2007, she was sentenced to serve a determinate term of 9 years in state prison.

---

[1] This information is derived from the state court records lodged by Respondent with her response and is not subject to dispute.

1

Petitioner filed a timely notice of appeal.  On August 29, 2008, the California Court of Appeal, Fifth Appellate District, affirmed Petitioner's judgment in a reasoned decision. Petitioner then filed a petition for review in the California Supreme Court.  The petition was summarily denied on November 12, 2008.

On June 11, 2009, Petitioner filed the instant federal habeas petition.  She presents the following four (4) claims for relief: 1) The evidence was insufficient to prove Petitioner possessed a usable quantity of marijuana; 2) The trial court erred in imposing the upper term based on facts not found by the jury; 3) Jury selection was unconstitutionally tainted when the prosecutor excluded qualified jurors on the basis of race; and 4) Trial counsel was constitutionally ineffective.   On August 30, 2010, Respondent filed an answer to the petition. Petitioner did not file a traverse.

## STATEMENT OF FACTS[2]

On November 7, 2006, correctional officers at the Valley State Prison for Women in Madera County conducted a search of defendant's cell and person.  During the body search, the officers noticed clear cellophane protruding from defendant's vaginal cavity. When asked by the officers to remove the cellophane, defendant denied having it.  The officers removed defendant from her cell and took her to the lieutenant's office.

After the lieutenant spoke with defendant, the officers performed a second body search.  Defendant removed the cellophane for the officers.  An officer unwrapped the cellophane and retrieved the following items: a red Bic lighter, tweezers, three blonde hair extensions, two rolled cigarettes wrapped in a separate piece of cellophane, two rolled marijuana cigarettes wrapped in a separate piece of cellophane, an unidentified pill, and a razor blade wrapped in tissue paper.

At trial, the parties stipulated that the criminalist who analyzed the marijuana cigarettes, if called to testify, would testify that the cigarettes contained marijuana, a controlled substance.

(See Resp't's Answer Ex. B.)

## DISCUSSION

I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

---

[2]The Fifth DCA's summary of the facts in its August 29, 2008, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Thus, the Court adopts the factual recitations set forth by the Fifth DCA.

2

or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that she suffered violations of her rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of the Madera County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.     Standard of Review

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70 (2003).  Under the AEDPA, a petitioner can prevail only if she can show that the state court's adjudication of her claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other

3

words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v.

Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

III.   Review of Claims

A.   Insufficiency of the Evidence

In her first ground for relief, Petitioner argues the evidence was insufficient to find her guilty of possessing a usable amount of marijuana. She claims the evidence only showed she possessed a trace or residue amount.

Petitioner presented this claim on direct appeal to the appellate court and California Supreme Court. Because the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

In denying Petitioner's claim, the appellate court stated as follows:

> Defendant contends the prosecution failed to introduce any evidence at trial showing she was in possession of a usable amount or a certain quantity of marijuana. Defendant further contends that because possession of a usable amount of a controlled substance is an element of the charge against her, the prosecution's failure to introduce evidence proving this element means there was insufficient evidence for the jury to convict her of the charge. We disagree.
>
> Defendant was convicted of possessing a controlled substance while in a state correctional facility. (§ 4573.6.) Possession under section 4573.6 requires that the state prove beyond a reasonable doubt the standard elements of possession found in the Health and Safety Code. (*People v. Carrasco* (1981) 118 Cal.App.3d 936, 947-948.) Thus, the elements for a section 4573.6 violation are (1) unlawfully exercising control over a controlled substance, (2) having knowledge of the substance's presence, (3) having knowledge of the substance's nature as a controlled substance and (4) possessing the substance in an amount sufficient to be used as a controlled substance. (*People v. Carrasco, supra,* at p. 947, fn. 2; see CALJIC No. 12.00.)

>When reviewing a defendant's challenge to the sufficiency of the evidence, the appellate court must consider the record in a light most favorable to the prosecution. (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1020.) Evidence is considered substantial if it is of ponderable legal significance. "'"It must be reasonable in nature, credible, and of solid value; it must actually be 'substantial' proof of the essentials which the law requires in a particular case."'" (*People v. Olmsted* (2000) 84 Cal.App.4th 270, 277.)
>
>Defendant cites *People v. Leal* (1966) 64 Cal.2d 504 (*Leal*) for the proposition that because the prosecution did not introduce evidence that defendant possessed a usable amount of marijuana, guilt cannot be established beyond a reasonable doubt. *Leal* states: "[T]he possession of a minute crystalline residue of narcotic useless for either sale or consumption, as [*People v. Sullivan* (1965) 234 Cal.App.2d 562] points out, does not constitute sufficient evidence in itself to sustain a conviction." (*Leal, supra,* at p. 512.) Defendant's reliance on *Leal* is misplaced.
>
>"[T]he decisions construing [*Leal*] limit its holding to substances useless in form or quantity. There is no requirement that any particular purity or potential narcotic effect be proven." (*People v. Rubacalba* (1993) 6 Cal.4th 62, 65.) "The decision in *Leal* must be limited to such cases, where only a residue unusable for any purpose, is found; it does not extend to a case such as this ... where the presence of heroin itself, not a mere blackened residue on a spoon, was discovered." (*People v. Karmelich* (1979) 92 Cal.App.3d 452, 456.) "The prosecution bears its burden when it shows the substance defendant possessed was marijuana and it was of a quantity which could be potentiated by consumption in any of the manners customarily employed by users, rather than useless traces or debris of narcotic." (*People v. Piper* (1971) 19 Cal.App.3d 248, 250; see also *People v. Schenk* (1972) 24 Cal.App.3d 233, 238-239["[w]e reject the contention that the crime of possession of a restricted dangerous drug requires that the quantity of the drug be sufficient to produce a drug effect"]; *People v. Pohle* (1971) 20 Cal.App.3d 78, 82 ["there is no requirement that evidence be produced as to the quantity of a specific ingredient within the contraband"].) These cases do not require a particular quantity of the drug, only that it constitutes a usable amount.
>
>*Leal* does not apply to this case because the evidence introduced was not merely a residue of marijuana. (*People v. Rubacalba, supra,* 6 Cal.4th at p. 66.) The prosecution introduced two rolled marijuana cigarettes as evidence at trial. Both the prosecution and defendant stipulated the criminalist who tested the cigarettes would testify that the substance in the cigarettes was marijuana. By introducing the two cigarettes containing marijuana, the prosecution bore its burden of showing a usable amount of the substance, as a rolled cigarette is one of the customary forms in which marijuana can be consumed. (*People v. Piper, supra,* 19 Cal.App.3d at p. 250.) In addition, the jury was instructed that as an element of the charge, it must find that defendant possessed a usable amount of the controlled substance, and the jury was able to view the cigarettes closely during deliberations. Defendant's contention that no reasonable jury could have found she possessed a usable amount of marijuana without being shown evidence of the exact amount is without merit.
>
>We conclude there was substantial evidence that defendant possessed a usable amount of marijuana.

(See Resp't's Answer Lodged Doc. B.)

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a

6

federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n.16.

In this case, there was substantial evidence that Petitioner possessed marijuana. Four cigarettes were discovered concealed in Petitioner's vaginal cavity. Both the prosecution and the defense stipulated that the criminalist would have testified that the substance contained in two of the rolled cigarettes was marijuana. Any reasonable juror could have determined Petitioner possessed marijuana in light of these facts.

Petitioner nevertheless maintains that the evidence was insufficient since the amount was useless or merely residue. She relies on the California Supreme Court case of People v. Leal, 64 Cal.2d 504 (1966), for the proposition that guilt cannot be established where the prosecution does not introduce evidence that the amount of narcotics was usable. However, the appellate court determined that Leal did not apply. Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Additionally, as set forth above, the appellate court noted that a residue was not at issue but rather two rolled cigarettes. The parties stipulated that the rolled cigarettes contained marijuana and the rolled cigarettes were of a form customarily used to consume marijuana. Also, the jury was instructed that an element of the offense was that the amount be usable, and the jury was able to view the items during deliberations. Petitioner fails to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or an "unreasonable determination of the facts in light of the evidence," the claim should be rejected. 28 U.S.C. § 2254(d).

### B.   Cunningham Error

Petitioner next claims the trial court violated her constitutional rights by imposing the upper term based on facts not found by a jury beyond a reasonable doubt under Cunningham v. California, 549 U.S 270 (2007). This claim was also presented on direct appeal where it was rejected. The appellate court issued the last reasoned decision, rejecting the claim as follows:

> Defendant argues the trial court committed *Cunningham* error because the aggravating factor relied on by the trial court, that defendant's prior performance on probation and parole was unsatisfactory, was never found true by a jury. We disagree.
>
> Defendant's probation report noted two circumstances in aggravation: her prior convictions were numerous, and her prior performance on probation and parole was unsatisfactory as evidenced by her violations and commission of new crimes while on probation and parole. The court considered the probation report and stated, "The aggravating [factor] that I see and consider [as] important is the failure to perform adequately on probation and parole in the past. It's been unsatisfactory."
>
> The United States Supreme Court in *Cunningham* ruled that the Sixth Amendment prevents a sentencing court from imposing a sentence beyond the statutory maximum based on aggravating circumstances, without a jury first finding the facts of those circumstances. (*Cunningham, supra,* 549 U.S. at p. ---- [127 S.Ct. at p. 860].) The relevant statutory maximum for this inquiry is not the maximum sentence a court may impose on the finding of additional facts, but the maximum sentence allowed without finding any additional facts. (*Ibid.*) The court in *Cunningham* concluded that because the upper term under California sentencing law requires the finding of additional facts, the middle term is to be considered the statutory maximum. (*Id.* at p. 868.) The court further concluded that, "[e]xcept for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (*Ibid.*) The maximum sentence a court may impose is a sentence that rests "'solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.'" (*Id.* at p. 865, italics omitted.)
>
> The California Supreme Court has ruled that "so long as a defendant is *eligible* for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury." (*People v. Black* (2007) 41 Cal.4th 799, 813 (*Black II*).) "Under California's determinate sentencing system, the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." (*Ibid.; People v. Osband* (1996) 13 Cal.4th 622, 728.) A prior conviction constitutes an aggravating circumstance that makes a defendant eligible for an upper term sentence. (*Black II, supra,* at p. 818.) As *Cunningham* and its antecedents make clear, the right to a jury trial does not apply to the facts of prior convictions. (*Cunningham, supra,* 549 U.S. at p. ---- [127 S.Ct. at p. 868]; *Blakely v. Washington* (2004) 542 U.S. 296, 301; *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490; *Almendarez-Torres v. United States* (1998) 523 U.S. 224, 243 ["recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"].)
>
> Here, defendant was eligible for the upper term by virtue of her prior convictions, regardless of whether the trial court relied on another factor. (*Black II, supra,* 41 Cal.4th at p. 813.) No *Cunningham* error occurred.

(See Resp't's Answer Lodged Doc. B.)

In Apprendi v. New Jersey, the Supreme Court held that "'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" 530 U.S. 466, 476 (2000), *quoting*

Jones v. United States, 526 U.S. 227, 243 n. 6 (1999).  This holding, including the exception for a defendant's criminal history, has been upheld by the Supreme Court in several subsequent cases. See James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 274-75 (2007); United States v. Booker, 543 U.S. 220, 230-31 (2005); Blakely v. Washington, 542 U.S. 296, 301 (2004). In Cunningham, the case relied on by Petitioner, the Supreme Court held that the middle term in California's sentencing scheme is the statutory maximum. 549 U.S. at 288. Nevertheless, the criminal history exception was retained. Id. at 275 ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant.") (emphasis added).

Petitioner contends that the trial court's reliance on her numerous prior prison commitments and her numerous violations of probation in selecting the upper term violates Cunningham.  Her arguments are without merit.  In this case, the state court reasonably determined that the prior conviction exception included Petitioner's numerous prior commitments and violations of parole. As the Ninth Circuit acknowledged in Kessee v. Mendoza-Powers, 574 F.3d 675 (2009), regardless of whether reliance on these factors comports with the Ninth Circuit's view of the prior conviction exception, the state court's interpretation does not contravene AEDPA standards because the Supreme Court has not given explicit direction and because the state court's interpretation is consistent with many other courts' interpretations.  28 U.S.C. § 2254(d).  Therefore, the claim must be denied.

   C. Fair and Impartial Jury

Petitioner claims she was denied a fair and impartial jury under Batson v. Kentucky, 476 U.S. 79 (1986).  She states she "is African American women [sic] (her) 12 jurors was [sic] Caucasian. On this ground alone defendant should receive new trial on the injustice that there was not a mixture of cultures on her panel."  Respondent points out that this claim was not raised on direct appeal or in any petitions to the California courts.  Therefore, the claim is unexhausted. Nevertheless, the Court will review the claim as it is clearly without merit. 28 U.S.C. § 2254(b)(2).  The Court reviews the claim *de novo*.  Cassett v. Stewart, 406 F.3d 614, 623-24

(9th Cir. 2005).

Evaluation of allegedly discriminatory peremptory challenges to potential jurors in federal and state trials is governed by the standard established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 89 (1986).

In Batson, the United States Supreme Court set out a three-step process in the trial court to determine whether a peremptory challenge is race-based in violation of the Equal Protection Clause. Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769 (1995). First, the defendant must make a *prima facie* showing that the prosecutor has exercised a peremptory challenge on the basis of race. Id. That is, the defendant must demonstrate that the facts and circumstances of the case "raise an inference" that the prosecution has excluded venire members from the petit jury on account of their race. Id.

If a defendant makes this showing, the burden then shifts to the prosecution to provide a race-neutral explanation for its challenge. Id. At this step, "the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859 (1991). Finally, the trial court must determine if the defendant has proven purposeful discrimination.

In this case, Petitioner does not allege that a peremptory challenge was exercised on the basis of race. She contends that the panel was unconstitutional for the simple reason that all jurors were Caucasian and Petitioner is African-American. This is not a sufficient showing. In addition, the record reveals that Petitioner did not make a Batson motion at trial. As noted by Respondent, the record contains no record of the racial makeup of the jury, the jury selection proceedings, or any rulings by the trial court. Petitioner completely fails to make a *prima facie* showing that a peremptory challenge was exercised on an illegal basis. The claim must be rejected.

D.   Ineffective Assistance of Counsel

In her final claim for relief, Petitioner alleges counsel was ineffective. She contends her attorney presented no evidence in her defense. This claim is also unexhausted as Petitioner has

not presented it to the California courts.  Notwithstanding the failure to exhaust, the Court will address the claim as it is without merit. 28 U.S.C. § 2254(b)(2). The issue is reviewed *de novo*. Cassett, 406 F.3d at 623-24.

The law governing ineffective assistance of counsel claims is clearly established. Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate prejudice, that is, she must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S. at 694.  A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  Strickland, 466 U.S. 668, 697 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

In this case, Petitioner cannot demonstrate error by defense counsel or any prejudice

resulting therefrom. It is true defense counsel presented no evidence. However, as argued by Respondent, Petitioner fails to state what evidence counsel could have presented. All witnesses involved were called by the prosecution. The only other evidence that could have been presented was testimony from Petitioner herself, but as Respondent points out, such a tactic could not have possibly benefitted Petitioner. She had sustained five separate prior convictions involving burglaries and petty thefts. Had defense counsel called her as a witness, the jury would have been informed of this extensive criminal history. In addition, Petitioner cannot show prejudice as the evidence against her was overwhelming. Petitioner fails to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d)(1). The claim must be denied.

III.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of her case, she must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [her] . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 9, 2010**              /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE